TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
CHRISTINA MARQUEZ (Cal. Bar No. 305301)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-4061
Facsimile: (213) 894-7819
E-mail: Christina.Marquez@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

Francesca Tosti, a resident of the State of California, as an individual, and as Administrator of the Estate of James Reja

Plaintiff,

v.

United States of America

Defendant.

No. 2:25-cv-05919-JLS (PDx)

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT; DECLARATION OF CHRISTINA MARQUEZ; [PROPOSED] ORDER**

Hearing Date: September 25, 2026
Hearing Time: 10:30 A.M.
Ctrm: 8A

Honorable Josephine L. Staton
United States District Judge

# TABLE OF CONTENTS


DESCRIPTION PAGE

TABLE OF AUTHORITIES ... i

NOTICE OF MOTION AND MOTION TO DISMISS ... iii

MEMORANDUM OF POINTS AND AUTHORITIES ... 1

I. INTRODUCTION ... 1

II. RELEVANT BACKGROUND ... 1

III. LEGAL STANDARD ... 3

A. Rule 12(b)(1) Standard ... 3

B. Rule 12(b)(6) Standard ... 4

IV. ARGUMENT ... 5

A. Plaintiff's Rehabilitation Act Claim is Alleged Against an Improper Defendant ... 5

B. Plaintiff Fails to State a Claim Under the Rehabilitation Act Because Plaintiff Does Not Allege the Existence of a Reasonable Accommodation ... 5

C. The Discretionary Function Exception Bars Several of Plaintiff's Claims ... 7

1. The DFE Bars the Pre-Arrest Conduct ... 7

2. The DFE bars any claims related to negligent training ... 8

V. CONCLUSION ... 9

# TABLE OF AUTHORITIES

DESCRIPTION PAGE

**Federal Cases**


*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994) ........................... 3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................ 4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................... 4

*City and County of San Francisco, Calif. v. Sheehan*, 575 U.S. 600 (2015) ........... 5-6, 6

*Hancock v. Egger*, 848 F.2d 87 (6th Cir. 1988) ............................................................ 5

*Anderson v. U.S. Postal Serv.*, 2025 WL 575353 (C.D. Cal. Feb. 18, 2025) .................. 5

*Mahoney v. U.S. Postal Serv.*, 884 F.2d 1194 & n.1 (9th Cir. 1989) ......................... 1, 5

*Mayfield v. City of Mesa*, 131 F. 4th 1100 (9th Cir. 2025) ......................................... 6, 7

*Donaldson v. United States*, 2018 WL 1089986 (S.D. Cal. Feb. 26, 2018) .................... 8

*Est. of Salazar v. United States*, 2014 WL 12588477 (C.D. Cal. May 20, 2014) ..... 7-8, 8

*Gager v. United States*, 149 F.3d 918 (9th Cir. 1998) ................................................ 8-9

*Nurse v. United States*, 226 F.3d 996 (9th Cir. 2000) .................................................... 9

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035 (9th Cir. 2004) ..................................... 3

*Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036 (9th Cir. 2003) .................................................................................................................. 3

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ................................. 4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) ............................. 4-5

*United States v. Gaubert*, 499 U.S. 315 (1991) ............................................................. 8

*United States v. Ritchie*, 342 F.3d 903–908 (9th Cir. 2003) .......................................... 4

*Vickers v. United States*, 228 F.3d 944 (9th Cir. 2000) ................................................. 8

*White v. Lee*, 227 F.3d 1214 (9th Cir. 2000) ................................................................. 3

**Statutes**

28 U.S.C. §§ 1346, 1671 .......... 1
29 U.S.C. § 794 .......... 1, 6
42 U.S.C. § 2000e-16 .......... 1, 5
42 U.S.C. § 12131 .......... 6
28 U.S.C. § 2680 .......... 7

**Rules**

Fed. R. Civ. P. 12(b)(1) Standard .......... 1, 3
Fed. R. Civ. P. 12(b)(6) Standard .......... 1, 4, 5

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that, on September 25, 2026 at 10:30 a.m., or as soon thereafter as they may be heard, Defendant United States of America will, and hereby does, move this Court for an order dismissing Plaintiff's Second Amended Complaint. This motion will be made before the Honorable Josephine L. Staton, United States District Judge, in Courtroom 8A of the Felicias and Gonzalo Mendez United States Courthouse located at 350 W. 1st Street, Los Angeles, CA 90012.

Defendant brings the motion on the following grounds:

1. The Court lacks subject matter jurisdiction over Plaintiff's Second Cause of Action to the extent Plaintiff is challenging pre-shooting conduct because any claims arising out of those discretionary decisions are barred by the discretionary function exception of the FTCA;
2. Plaintiff's Rehabilitation Claim is asserted against an improper defendant; and
3. Plaintiff fails to state a claim under the Rehabilitation Act because she fails to allege any facts demonstrating the existence of a reasonable accommodation under the exigent circumstances of James Reja's arrest.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which was held on August 11, 2026. *See* Declaration of Christina Marquez.

Dated: August 20, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section

/s/ *Christina Marquez*
CHRISTINA MARQUEZ
Assistant United States Attorney

Attorneys for United States of America

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On July 22, 2026, this Court dismissed Plaintiff's First Amended Complaint. Dkt. 28. On August 6, 2026, Plaintiff filed a Second Amended Complaint ("SAC") alleging two claims: (1) Wrongful Death/Negligence pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 1671, *et seq*; and (2) Failure to Accommodate pursuant to § 504 of the Rehabilitation Act, 29 U.S.C. § 794. Dkt. 29. These claims are based on her husband James Reja's suicide in November 2023 while federal law enforcement officers were attempting to arrest him. The United States moves to dismiss the SAC based on the following grounds:

***First***, Plaintiff's Rehabilitation Act claim is asserted against improper defendant United States rather than the head of the appropriate federal agency as required under 42 U.S.C. § 2000e-16(c); *Mahoney v. U.S. Postal Serv.*, 884 F.2d 1194, 1196 & n.1 (9th Cir. 1989);

***Second,*** to the extent the Court considers Plaintiff's Rehabilitation Act claim, Plaintiff still fails to state a claim because she fails to allege any facts demonstrating the existence of a reasonable accommodation under the exigent circumstances of James Reja's arrest; and

***Lastly***, the Court lacks subject matter jurisdiction over Plaintiff's Second Cause of Action to the extent Plaintiff is challenging pre-shooting conduct because any claims arising out of those discretionary decisions are barred by the discretionary function exception of the FTCA.

Thus, the Court should dismiss the claims against the United States pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. RELEVANT BACKGROUND

On November 13, 2023, James Reja (Mr. Reja), a fugitive, committed suicide during the execution of his arrest. *See* SAC ¶¶ 18-19, 22. Prior attempts had been made to arrest Mr. Reja, and both times, Mr. Reja was able to flee and avoid arrest. *See id*.

During the first attempt, Mr. Reja escaped by running out of a back door and continuing to run. *See id*. at ¶ 18. During the second arrest, Mr. Reja escaped by using a wrestling move to undo a physical hold exerted by a federal agent and then running away. *See id*.

Plaintiff alleges that in the years leading up to Mr. Reja's arrest, an extensive investigation was conducted, which revealed or should have revealed to law enforcement that Mr. Reja experienced mental health issues. *See id.* ¶ 10. More specifically, Plaintiff claims that anybody who knew Mr. Reja knew that he suffered from anxiety, suicidal ideations, ADHD, OCD, and Chronic Inflammatory Response Syndrome ("CIRS"), or should have known because his symptoms were recognizable. *See id.* ¶¶ 14-17.

Leading up to the attempted arrest of Mr. Reja in November 2023, Plaintiff claims that Defendant obtained information from a cooperating witness that Mr. Reja used a particular pharmacy in Los Angeles to pick up prescriptions for his anxiety and suicidal ideations. *See id.* ¶ 21. Plaintiff alleges that law enforcement interfered with the normal dispensation of the medication to lure Mr. Reja to the pharmacy on a particular day and time. *See id*.

Plaintiff further claims that prior to this arrest operation, Homeland Security Investigations (HSI) and U.S. Marshals (USMS) conducted a briefing where information about Mr. Reja's mental and physical disabilities were not disclosed to the agents effectuating the arrest, and therefore his disabilities could not be accommodated. *See id.* ¶¶ 23-25. Additionally, Plaintiff claims that the law enforcement officers involved in Plaintiff's arrest were not adequately trained. *See id*. ¶ 13, 15, 17, 27, 40.

On the day of the arrest, Plaintiff alleges that Mr. Reja entered the pharmacy at 11:20 a.m. *See id.* ¶ 32. Mr. Reja then exited the pharmacy where he was confronted by two federal agents and a canine unit running toward him pointing a gun at him. *See id*. at ¶ 34. Plaintiff claims that Special Agent (SA) Barsdale was in the pharmacy lobby when Mr. Reja went back inside the pharmacy lobby where SA Barsdale tried to tackle Mr. Reja. *See id*. at ¶ 36. Mr. Reja then fell to the floor, pulled out a gun, pointed it at the door briefly, but ultimately pointed the gun at his head and committed suicide. *See id*.

Plaintiff alleges that those involved in the arrest should have used deescalation techniques and conversational tones, instead of pointing a gun at Mr. Reja and using a canine unit, because these techniques triggered Mr. Reja's mental health issues. *See id*. at ¶ 42.

## III. LEGAL STANDARD

### A. Rule 12(b)(1) Standard

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is presumed that a cause lies outside of this limited jurisdiction …, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (citations omitted).

A challenge to subject matter jurisdiction is properly decided under Rule 12(b)(1) and may be asserted as either a facial or a factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004), *cert. denied,* 544 U.S. 1018 (2005). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*. "[The court] also need not presume the truthfulness of the plaintiff['s] allegations." *White*, 227 F.3d at 1242. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty*., 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004).

**B. Rule 12(b)(6) Standard**

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Rather, the allegations of the complaint "must be enough to raise a right to relief above the speculative level." *Id*. To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Moreover, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Furthermore, courts are not bound to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted), amended on other grounds, 275 F.3d 1187 (9th Cir. 2001). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907–908 (9th Cir. 2003); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling

on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.")

## IV. ARGUMENT

### A. Plaintiff's Rehabilitation Act Claim is Alleged Against an Improper Defendant

Plaintiff's Rehabilitation Act claim should be dismissed because it is alleged against the United States, which is an improper defendant for purposes of the Rehabilitation Act. Claims alleged pursuant to the Rehabilitation Act may only be brought against "the head of the department, agency, or unit," in his or her official capacity. 42 U.S.C. § 2000e-16(c); *Mahoney v. U.S. Postal Serv.*, 884 F.2d 1194, 1196 & n.1 (9th Cir. 1989).

Dismissal is proper when Rehabilitation Act claims are brought against improper defendants. *See Hancock v. Egger*, 848 F.2d 87, 89 (6th Cir. 1988) ("The proper defendant was not named in this [Title VII] action. Adherence to the statute's requirements is mandatory, and we are neither authorized nor inclined to ignore its mandate."); *Anderson v. U.S. Postal Serv.*, 2025 WL 575353, at *3 (C.D. Cal. Feb. 18, 2025).

The United States has not waived its sovereign immunity to suit under the Rehabilitation Act. Accordingly, Plaintiff must bring her Rehabilitation Act against the head of the appropriate federal agency, rather than Defendant. Given that the Court has barred Plaintiff from naming any new parties, *see* Dkt. 28, at 9, this claim should be dismissed with prejudice.

### B. Plaintiff Fails to State a Claim Under the Rehabilitation Act Because Plaintiff Does Not Allege the Existence of a Reasonable Accommodation

The Ninth Circuit has recognized claims for reasonable accommodation in connection with arrests. *See Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211, 1231-33 (9th Cir. 2014), *reversed on other grounds*, *City and County of San*

*Francisco, Calif. v. Sheehan*, 575 U.S. 600 (2015). A plaintiff may establish a failure to accommodate "where, although the police properly investigate and arrest a person with a disability, they fail to accommodate the person's disability in the course of the arrest, causing the person to suffer greater injury or indignity in that process than other arrestees. *Id*. at 1232 (9th Cir. 2014). However, the plaintiff "bears the initial burden of producing evidence of the existence of a reasonable accommodation." *Id*. at 1232-33. Moreover, an entity may defeat a reasonable accommodation claim by showing "that making the modifications would fundamentally alter the nature of the service, program, or activity." *Id*. at 1233 (citing 28 C.F.R. § 35.130(b)(7)).

"[T]he reasonableness of an accommodation is ordinarily a question of fact." *Id*. Moreover, in the specific context of arrests, the court must also consider whether any "exigent circumstances" surrounding the plaintiff's encounter with law enforcement would render a proposed reasonable accommodation impracticable. *Id*. at 1232 ("[E]xigent circumstances inform the reasonableness analysis under the ADA, just as they inform the distinct reasonableness analysis under the Fourth Amendment."). As the *Sheehan* Court explained, "[e]xigent circumstances include those circumstances that would cause a reasonable person to believe that [police conduct] was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." *Id*. at 1221 (simplified).

The Ninth Circuit affirmed a district court's dismissal of a complaint where plaintiff failed to state a claim under both the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq*., and the Rehabilitation Act, § 504, 29 U.S.C. § 794. *See Mayfield v. City of Mesa*, 131 F. 4th 1100, 1110 (9th Cir. 2025). The claims in *Mayfield* arose from a traffic stop and DUI arrest of plaintiff Alison Mayfield ("Mayfield"), who was deaf and communicated primarily through American Sign Language ("ASL"). *See id*. at 1104. Plaintiff alleged that defendant City of Mesa's Police Department ("MPD") denied her a reasonable accommodation by failing to provide her with an ASL interpreter or a

Video Remote Interpreting Service during the traffic stop and subsequent blood drawing procedure at a DUI processing facility. *See id* at 1104, 1107.

Despite alleging the existence of certain reasonable accommodations, taken together with the exigent circumstances applicable in the context of the stop and arrest of a deaf motorist, the Ninth Circuit in *Mayfield* concluded that plaintiff failed to plead sufficient facts to establish that MPD discriminated against her by failing to provide a reasonable accommodation during her arrest and blood testing. *See id*.

Here, it appears the SAC asserts that law enforcement should have used deescalation techniques, lowered their tactical profiles, and used conversational tones. *See generally* SAC ¶ 42. However, these purported accommodations must be taken together with the exigent circumstances in arresting Mr. Reja. In fact, the *Sheehan* court explained that the Court must consider the exigent circumstances surrounding the encounter to determine whether any purported accommodation would be rendered impractical. Plaintiff admits in her SAC that there were two prior attempts to arrest Mr. Reja, both of which Mr. Reja fled. *See* SAC ¶ 18. Accordingly, without more than conclusory assertions that reasonable accommodations existed, even if Plaintiff had stated such a claim against the proper defendant, the Court should dismiss Plaintiff's Rehabilitation Act claims for failure to state a claim.

### C. The Discretionary Function Exception Bars Several of Plaintiff's Claims

#### 1. <u>The DFE Bars the Pre-Arrest Conduct</u>

The FTCA also contains a discretionary function exception to the United States' waiver of sovereign immunity, according to which there is no waiver of immunity for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function." 28 U.S.C. § 2680(a). This exception applies "whether or not the discretion involved be abused." *Id*. "If the discretionary function exception applies to the challenged government conduct, the United States retains its sovereign immunity, and the district court lacks subject matter jurisdiction over that claim." *See Est. of Salazar v.*

*United States*, 2014 WL 12588477, at *15 (C.D. Cal. May 20, 2014) (citing *GATX/Airlog Co. v. United States*, 286 F.3d 1168, 1173 (9th Cir. 2002)). Courts determine whether conduct constitutes discretionary function pursuant to the two-part Gaubert test: (1) whether the challenged conduct involves an "element of judgment or choice" and (2) whether the "judgment is of the kind that the discretionary function exception was designed to shield." *United States v. Gaubert*, 499 U.S. 315, 322-323 (1991).

The discretionary function bars Plaintiff's claims to the extent they challenge the relevant law enforcement agencies' discretionary decisions regarding how to effectuate the arrest warrant of James Reja. *See Est. of Salazar*, 2014 WL 12588477, at *15 ("[D]ecisions regarding how to locate and identify the subject of an arrest warrant... are discretionary in nature and involve an element of judgment or choice.") (internal citation omitted)). More specifically, the discretionary function exception to the FTCA limits the Court's jurisdiction to consider any discretionary pre-shooting conduct. *See Donaldson v. United States*, 2018 WL 1089986 (S.D. Cal. Feb. 26, 2018).

Here, Plaintiff now spends a considerable amount of her SAC regarding the alleged events leading to Mr. Rejas' arrest, including the decisions involved in how to effectuate his arrest. *See* SAC ¶¶ 22-46. To the extent Plaintiff is challenging the pre-arrest conduct of Mr. Reja, including decisions on where to effectuate the arrest and the personnel involved, the Court does not have jurisdiction to consider such claims.

2. <u>The DFE bars any claims related to negligent training</u>

Plaintiff makes several claims regarding the training of the law enforcement officers involved in Mr. Reja's attempted arrest. *See id.* ¶¶ 13, 15, 17, 27, 40. The Ninth Circuit has held that "decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield." *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000); *see also Gager v. United States*, 149 F.3d 918, 921-22 (9th Cir. 1998) (applying the discretionary function exception because "[t]he decision not to provide

universal training and supervision ... involved judgment or choice grounded in social, economic, and political policy"). Thus, claims of "negligent and reckless employment, supervision and training ... fall squarely within the discretionary function exception." *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000).

Accordingly, to the extent Plaintiff's theory of liability against the United States is premised on the training of certain law enforcement officers, such is barred by the DFE.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's SAC should be dismissed.

Dated: August 20, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section

/s/ *Christina Marquez*
CHRISTINA MARQUEZ
Assistant United States Attorney

Attorneys for United States of America

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.2

The undersigned, counsel of record for Defendants certifies that the memorandum of points and authorities contains 2,788 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 20, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section

/s/ *Christina Marquez*
CHRISTINA MARQUEZ
Assistant United States Attorney

Attorneys for Defendants